Brian B. Williams OSB #964594
bwilliams@hittandhiller.com
Hitt Hiller Monfils Williams LLP
411 SW 2nd Ave., Suite 400
Portland, OR 97204
(503) 228-8870
Attorney for Defendants Smoot Enterprises, Inc. and James DeCou

Heidi L. Mandt, OSB #953459
hmandt@williamskastner.com
WILLIAMS, KASTNER, GREENE & MARKLEY
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Telephone: (503) 228-7967
Attorneys for Defendant Peter Barnes

Barry J. Goehler, OSB # 044785
goehleb@nationwide.com
Law Office of Barry J. Goehler
1001 S.W. Fifth Avenue, Suite 1530
Portland, OR 97204
503-820-2512
Attorneys for Defendants Horizon Transport, Inc. and Jonathan Hogaboom

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| MATTHEW ALLISON, individually and TIM NAY, as the Personal Representative for the ESTATE OF SARA E. ALLISON, | Case No. _____ |
| Plaintiffs, | **NOTICE OF REMOVAL** Multnomah County Circuit Court Case No. 17CV35973 |
| v. | |
| SMOOT ENTERPRISES, INC., DBA SMOOT BROTHERS TRANSPORTATION, JAMES DECOU, PETER BARNES, HORIZON TRANSPORT, INC. AND JONATHAN HOGABOOM, | |
| Defendants. | |

PAGE 1 – NOTICE OF REMOVAL

TO: The Judges of the United States District Court for the District of Oregon; Clerk of Multnomah County Circuit Court of the State of Oregon; Thomas D'Amore, attorney for plaintiff Matthew Allison; and William A. Barton, attorney for plaintiff Estate of Sara Allison.

PLEASE TAKE NOTICE that, pursuant to 28 USC §§1441 and 1446, Defendant Smoot Enterprises, Inc. and James DeCou hereby removes to this Court the case now pending in Circuit Court of the State of Oregon for the County of Multnomah entitled: *Allison v. Smoot Enterprises*, et al., and bearing Case No. 17CV35973. All defendants join in this removal. A copy of the amended complaint is attached hereto as Exhibit A and made of part of this Notice.

As grounds for removal, Defendant Smoot Enterprises and James DeCou state as follows:

**A. Notice of removal is timely and all Defendants join in the removal**

(1)    On September 12, 2017, Plaintiff Matthew Allison filed a complaint in this action now pending in Multnomah County Circuit Court as ***Allison v. Smoot Enterprises***, et al., Case No. 17CV35973.

(2)    This Notice of Removal is timely filed under 28 USC §1446(b), which provides that a notice of removal must be filed within 30 days after a defendant receives, by service or otherwise, the initial pleading.

(3)    All defendants join in this removal.

(4)    No further proceedings have been had in the Circuit Court of Multnomah County, Oregon, as of the date of filing of this removal.

**B. Diversity Jurisdiction Exists**

(1)    This is a civil action over which this court has original jurisdiction pursuant to 28 USC §1332. This action may be removed pursuant to 28 USC §1441 because the action involves a controversy between citizens of different states; none of the properly joined defendants are a

citizen of Oregon; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

(2)    Plaintiff Matthew Allison was, when he filed his complaint, on September 12 2017, a citizen and resident of the State of Idaho. (Exhibit A, ¶1)(Exhibit B, p. 2).

(3)    Plaintiff, Tim Nay, as the Personal Representative of The Estate of Sara Allison, was, when he filed his complaint, on September 12, 2017, a citizen and resident of the State of Idaho for diversity purposes. (Exhibit A, ¶2)(Exhibit B, p. 2). "The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the Decedent…" 28 USC §1332. Decedent Sara Allison was a citizen and resident of the State of Idaho, married to Plaintiff Matthew Allison, at the time of her death. (Exhibit A, ¶2)(Exhibit B, p. 2).

(4)    Defendant Smoot Enterprises, Inc. was, when the plaintiff filed his complaint, and is now, a corporation incorporated under the laws of Utah, with its principal place of business in Utah. (Decl. of Smoot Enterprises, Inc.)(Exhibit D).

(5)    Defendant James DeCou was, when the plaintiff filed his complaint, and is now, a citizen and is domiciled in the State of Utah, currently incarcerated in Harney County Jail, Oregon. (Decl. of James DeCou).

(6)    Defendant Peter Barnes was, when the plaintiff filed his complaint, and is now, a citizen and resident of the State of Utah. (Exhibit A ¶6)(Decl. of Peter Barnes).

(7)    Defendant Jonathan Hogaboom was, when the plaintiff filed his complaint, and is now, a citizen and resident of the State of Michigan. (Exhibit A ¶9)

(8)    Defendant Horizon Transport, Inc., was, when the plaintiff filed his complaint, and is now, a corporation incorporated under the laws of Indiana, with its principal place of business in Indiana. (Decl. of Horizon Transport, Inc.)(Exhibit C).

(9)     Plaintiff alleges money damages of more than $75,000, exclusive of interest and costs. (Complaint ¶24-33, Prayer for Relief.)

(10)    Less than one year has passed since this action was commenced.

**C. Removal to this District is proper.**

(1)     Pursuant to 28 USC §§1332, 1441, and 1446, removal of the above-captioned state court action to this court is appropriate.

(2)     Pursuant to 28 USC §1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending.

(3)     The defendant is providing to the plaintiff, through his lawyer, written notice of the filing of this Notice of Removal. Furthermore, the defendant is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Multnomah County, Oregon, where the action is currently pending.

DATED: October 9, 2017.

/s/ Brian B. Williams
Brian B. Williams, OSB #964594
Attorney for Defendants
Smoot Enterprises, Inc. and James DeCou


/s/ Heidi L. Mandt
Heidi L. Mandt, OSB #953459
Attorneys for Defendant Peter Barnes


/s/ Barry Goehler
Barry Goehler, OSB # 044785
Attorneys for Defendant Horizon Transports
Inc. and Jonathan Hogaboom

9/12/2017 9:17:43 AM
17CV35973

1

2

3

4

5

IN THE CIRCUIT COURT OF THE STATE OF OREGON

6

FOR THE COUNTY OF MULTNOMAH

7

8  MATTHEW ALLISON, individually, and )   Case No. 17CV35973
   TIM NAY as the Personal Representative )
9  for the ESTATE OF SARA E. ALLISON, )   **AMENDED COMPLAINT**
                                       )
10        Plaintiffs, )   PERSONAL INJURY & WRONGFUL
                      )   DEATH
11     vs. )
                      )   DAMAGES: > $10,000,000
12 SMOOT ENTERPRISES INC., dba SMOOT )
   BROTHERS TRANSPORTATION; JAMES )   CLAIM NOT SUBJECT TO
13 DECOU; PETER BARNES; HORIZON )   MANDATORY ARBITRATION
   TRANSPORT, INC., and JONATHAN )   (Pursuant to UTCR 13.060)
14 HOGABOOM, )
                      )
15        Defendants. )
                      )
16 _____ )

17                    <u>**PARTIES**</u>

18                    **Plaintiffs**

19                       1.

20    Plaintiff Matthew Allison is an adult who resided in Ada County, Idaho, at the time of

21 the crash described in the Complaint.  He was 27 years old at the time of the crash.

22                       2.

23    Decedent Sara Allison was an adult who resided in Ada County, Idaho, at the time of

24

25 **PAGE 1- AMENDED COMPLAINT**

   {00079660;3}

26

Exhibit A
Page 1 of 25
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333
D'AMORE
LAW GROUP

1   the crash.  She was 30 years old when she was killed by the Defendants.  Plaintiff Matthew

2   Allison and Sara Allison were married at the time she was killed.

3                                           3.

4           Oregon attorney Tim Nay is the duly appointed personal representative of the Estate

5   of Sara E. Allison ("Plaintiff Sara Allison").  Mr. Nay's appointment is for the sole purpose

6   of bringing this wrongful death action.

7                                      **Defendants**

8                                           4.

9           At all material times, defendant Smoot Enterprises Inc., dba Smoot Brothers

10  Transportation ("Defendant Smoot"), was and is a corporation headquartered at 1995 N 2800

11  W, Brigham City, Utah 84302.  Defendant Smoot resides in the State of Utah.  At the time of

12  the crash described in this Complaint, Defendant Smoot is believed to have employed more

13  than 75 professional drivers to operate a fleet of more than 50 trucks and over 100 trailers.

14  Defendant Smoot hauled freight all over North America and was subject to Utah law as well

15  as federal interstate trucking law.

16                                          5.

17          At all material times herein, defendant James Decou ("Defendant Decou") was a

18  driver with a commercial driver's license who worked as the employee and/or actual agent

19  and/or apparent agent of Defendant Smoot.  Defendant Decou was acting within the course

20  and scope of his employment or agency with Defendant Smoot while pursuing its business

21  purpose.  Defendant Decou currently resides at the Harney County Jail in Burns, Oregon.

22  //

23  //

24

25  **PAGE 2- AMENDED COMPLAINT**

    {00079660;3}

26

D'AMORE
LAW GROUP
4230 Galewood St., Ste. 300
Lake Oswego, OR 97035
(503) 222-6333

6.

At all material times, defendant Peter Barnes ("Defendant Barnes") was a driver with a commercial driver's license who worked as the employee and/or actual agent and/or apparent agent of Defendant Smoot. Defendant Barnes was acting within the course and scope of his employment or agency with Defendant Smoot while pursuing its business purpose. Defendant Barnes resides in the state of Utah.

7.

At all material times herein, Cory Frew was a driver with a commercial driver's license who worked as the employee and/or actual agent and/or apparent agent of Defendant Smoot. Mr. Frew was acting within the course and scope of his employment or agency with Defendant Smoot while pursuing its business purpose. Mr. Frew resides in the state of Utah.

8.

At all material times herein, defendant Horizon Transport, Inc. ("Defendant Horizon") was an Indiana Corporation headquartered at 407 E. Wabash Ave., Wakarusa, Indiana 46573. Defendant Horizon resides in the State of Indiana. Defendant Horizon is in the business of transporting RVs and other equipment throughout the United States, and it hires professional drivers for that business purpose.

9.

At all material times herein, defendant Jonathan Hogaboom ("Defendant Hogaboom") was a professional driver with a commercial driver's license who worked as the employee and/or actual agent and/or apparent agent of Defendant Horizon. Defendant Hogaboom was *acting within the course and scope of his employment and/or agency with* Defendant Horizon while pursuing its business purpose. Defendant Hogaboom resides in the

PAGE 3- AMENDED COMPLAINT

[00070660-3]

1  │ with investigations after a crash, including testing for alcohol and drugs.  Defendant Smoot

2  │ had a duty to ensure that it and its drivers complied with this law.

3  │                                   13.

4  │      Defendant Horizon hired Defendant Hogaboom to drive a large RV into Oregon for

5  │ its commercial benefit.  Defendant Smoot knew that such RVs are potentially dangerous and

6  │ that drivers are required to obtain medical clearance and have specialized training to operate

7  │ legally.  Upon information and belief, Defendant Hogaboom had previously been fired from

8  │ his position as a truck driver.  Nevertheless, Defendant Horizon hired Defendant Hogaboom

9  │ to drive the RV even though Defendant Horizon knew or should have known that Defendant

10 │ Hogaboom was not qualified to drive an RV safely to Oregon.

11 │                                   14.

12 │      On June 5, 2016, Defendant Smoot ordered Defendants Decou, and Barnes, and

13 │ another driver Cory Frew to drive three of its trucks with trailers from Salt Lake City, Utah to

14 │ Eugene, Oregon.  During this trip, Defendant Smoot, acting through its agents Defendants

15 │ Decou, Barnes, and Mr. Frew, drove its trucks aggressively and coordinated the passing,

16 │ including illegal passing, of other motorists.  Defendant Smoot encountered Defendant

17 │ Horizon, acting through its agent Defendant Hogaboom, near Mountain Home, Idaho.

18 │ Defendant Smoot's drivers antagonized Defendant Horizon's driver by driving aggressively,

19 │ including passing the RV in a no-passing zone and honking at him, prompting Defendant

20 │ Hogaboom to honk at each of the three trucks and flip them off.

21 │                                   15.

22 │      In June 2016, Defendant Horizon ordered Defendant Hogaboom to drive an RV west

23 │ across the western United States.  During this trip, Defendant Horizon, acting through

24 │

25 │ **PAGE 5- AMENDED COMPLAINT**

   │ {00079660;3}

26 │



Exhibit A
Page 4 of 35
DAMORE LAW GROUP
... St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1    Defendant Hogaboom, drove aggressively.  Defendant Horizon's driver antagonized

2    Defendant Smoot's drivers by driving aggressively, honking his horn at Defendant Smoot's

3    trucks, flipping off Defendants Decou, Barnes, and Mr. Frew, and passing them illegally.

4                                                    16.

5        On June 5, 2016, after sunset at approximately 8:45 p.m., Defendants Decou, Barnes,

6    and Mr. Frew were driving Defendant Smoot's trucks westbound on Highway 20 near Burns,

7    Oregon.  Defendant Barnes drove Defendant Smoot's lead truck, meaning he was furthest

8    west. Behind him was the RV driven by Defendant Hogaboom, having previously passed the

9    other two of Defendant Smoot's trucks, which had previously passed him.  The truck driven

10   by Defendant Decou was immediately behind the RV, and the truck driven by Mr. Frew was

11   in the rear.  This stretch of highway has only one lane of travel in each direction, separated

12   by a double yellow line.  This stretch of highway slopes upward as it proceeds to the west.

13                                                   17.

14       Defendant Smoot's lead truck, driven by Defendant Barnes, communicated back to

15   the trucks driven by Defendant Decou and Mr. Frew that it was safe to pass the RV driven by

16   Defendant Hogaboom, despite the fact that they knew they were driving in a "no passing"

17   zone with double yellow lines.  Defendant Decou illegally crossed the double yellow lines

18   and attempted to pass the RV driven by Defendant Hogaboom.  While Defendant Decou was

19   attempting this illegal pass, Defendant Barnes communicated back that a car was coming

20   from the opposite direction.

21                                                   18.

22       Defendant Hogaboom honked the RV's horn at the passing truck and accelerated,

23   refusing to allow Defendant Decou's truck to pass or otherwise return to the westbound lane

24

**PAGE 6- AMENDED COMPLAINT**

25   {00079660;3}

26

Exhibit A
Page 5 of 25
D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1  in front of him.  When Defendant Decou slowed down and tried to return to the westbound

2  lane, Defendant Hogaboom also slowed the RV.  Defendant Decou's truck and the RV both

3  accelerated and decelerated several times, with the truck remaining in the wrong lane.

4                                        19.

5        At that same time and place described above, Plaintiffs were driving in the eastbound

6  lane on Highway 20.  Plaintiff Sara Allison was driving with Plaintiff Matthew Allison in the

7  passenger seat.  The couple was returning home to Idaho after a road trip around Oregon.

8                                        20.

9        Plaintiff Sara Allison saw Defendant Decou's truck speeding directly at them

10  westbound in the eastbound lane.  In a desperate effort to avoid a head on crash, Plaintiff

11  Sara Allison swerved off the highway, veering right to the south side of the highway.

12                                        21.

13        Defendant Decou, realized he could not make it back to its legal lane because

14  Defendant Hogaboom would not let the truck pass or return to its lane.  Defendant Decou

15  swerved off the highway, veering left to the south side of the highway.  Defendant Decou's

16  truck crashed into Plaintiff's car, killing Plaintiff Sara Allison and injuring Plaintiff Matthew

17  Allison.

18                                        22.

19        Defendant Decou's actions constitute manslaughter in the first degree (ORS 163.118

20  violation), manslaughter in the second degree (ORS 163.125 violation), criminally negligent

21  homicide (ORS 163.145 violation) and assault in the third degree (ORS 163.165(2)(a)

22  violation), all of which he was arrested for by the Harney County Sheriff's Department.

23

24

**PAGE 7- AMENDED COMPLAINT**

25   {00079660;3}

DAMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

26

1    Defendant Decou pled guilty to manslaughter in the second degree in connection with this

2    crash.

3                                          23.

4        Motor carrier enforcement officers cited, and Defendants Smoot and Decou violated,

5    numerous federal and state laws, including:

6            a.    Alteration of Defendant Decou's logbooks in an attempt to conceal hours of

7                  service;

8            b.    Violation of 49 U.S.C. §395.3(a)(2), 49 U.S.C. 395 (a)(3), as well as

9                  ORS 825.252, and ORS 825.010 (11 hour and 14 hour drive time limitations).

10                                   **DAMAGES**

11                             **Plaintiff Matthew Allison**

12                                          24.

13       Plaintiff Matthew Allison realleges paragraphs 1-23.

14                                          25.

15       As a direct and proximate cause of the crash alleged above, Plaintiff Matthew Allison

16   suffered serious and permanent physical injuries that required him to be life-flighted from the

17   crash, including:

18           a.    A closed head injury;

19           b.    A lacerated spleen;

20           c.    Rib fractures;

21           d.    Pulmonary contusions;

22           e.    A left shoulder injury;

23           f.    Multiple contusions over his body;

24

**PAGE 8- AMENDED COMPLAINT**

25   {00079660;3}

26

D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1        g.  Multiple lacerations to his arms, legs, chest and neck.

2                        26.

As a result of Defendants' negligence, Plaintiff Matthew Allison has incurred medical and related expenses in an amount to be proven at trial, but no less than $195,635.

27.

As a result of Defendant's negligence, Plaintiff Matthew Allison has sustained permanent injuries and will incur future medical and related expenses, including surgery, in an amount to be proven at trial, but greater than $75,000.

28.

As a result of his injuries, Plaintiff Matthew Allison was unable to work at his usual employment, and has incurred lost income in an amount to be proven at trial.

29.

As a result of his injuries, Plaintiff Matthew Allison suffered permanent injuries that have impaired his future earning capacity and lost capacity to perform household services in in an amount to be proven at trial, but greater than $75,000.

30.

As a result of Defendants' negligence, Plaintiff Matthew Allison has suffered pain, concern for his physical wellbeing, permanent injury, and disfigurement, reduced range of motion, loss of function, loss of sleep, inconvenience, and interference with his normal and usual recreational activities.  Plaintiff Matthew Allison requests compensation for noneconomic losses which a jury decides is fair, but greater than $75,000.

//

//

**PAGE 9- AMENDED COMPLAINT**

{00079660;3}

Exhibit A
Page 8 of 25
D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1

**Plaintiff Sara Allison**

2

31.

3

Plaintiff Sara Allison realleges paragraphs 1 – 30.

4

32.

5

As a direct and proximate cause of Defendants' negligence alleged above, Plaintiff

6

Sara Allison suffered multiple injuries and was killed.  She endured conscious pain,

7

suffering, discomfort, terror, and mental anguish prior to her death.  Defendants' negligence

8

permanently precluded Ms. Allison's ability to engage in her normal and usual activities.

9

Plaintiff Sara Allison has suffered noneconomic damages in an amount to be proven at trial,

10

but greater than $75,000.

11

33.

12

As a further result of Defendants' negligence, Plaintiff Sara Allison also suffered

13

economic damages.  Specifically, she incurred lost earning capacity in an amount to be

14

proven at trial, but greater than $75,000, lost capacity to perform personal and household

15

services in an amount to be proven at trial, but greater than $75,000, and reasonable funeral

16

and burial services in an amount to be proven at trial.

17

**CAUSES OF ACTION**

18

**Defendant Smoot**

19

**FIRST CAUSE OF ACTION –**
**Negligence/ Wrongful Death Against Defendant Smoot**

20

21

34.

22

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1

23

through 33 of this Complaint.

24

**PAGE 10- AMENDED COMPLAINT**

25

{00079660;3}

26

**D'AMORE LAW GROUP**
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1                               35.

2       Defendant Smoot had a duty to act reasonably in hiring, training, supervising and

3 retaining Defendants Decou, and Barnes.  Defendant Smoot had a duty to adopt and enforce

4 policies, procedures, and rules to ensure that its drivers operated its trucks safely.  Defendant

5 Smoot had a duty to require its drivers to comply with federal and state law.  Defendant

6 Smoot also had a duty to keep records related to its drivers and trucks to verify that they

7 complied with federal and state law.

8                               36.

9       Defendant Smoot breached these duties, and those breaches directly and proximately

10 caused the damages described in causes of action herein.

11

12                  **SECOND CAUSE OF ACTION –**
          **Negligence Per Se Against Defendant Smoot**

13                               37.

14       Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1

15 through 36 of the Complaint as set forth above.

16                               38.

17       Defendant Smoot violated numerous federal and state statutes and regulations

18 including but not limited to, 49 U.S.C. §§14101 and 14704, 49 C.F.R. §§350 to 399,

19 U.C.A. § 72-9-101-107 (Motor Carrier Safety Act), U.C.A. § 53-3-401-420 (Uniform Driver

20 License Act), and U.A.C. R909-1 (Safety Regulations for Motor Carriers).  Specific

21 violations include:

22           a.   Aiding, abetting, or requiring a violation of the FMCSA regulations in violation

23               of 49 C.F.R. § 390.13 as well as U.C.A. § 72-9-104 and U.A.C. R909-1-2;

24

25 **PAGE 11- AMENDED COMPLAINT**

{00079660;3}

26

D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

b.  In hiring and continuing to employ Defendant Decou to operate a commercial motor vehicle when he was not physically able to do so because of pre-existing paralysis of his left arm and/or hand in violation of 49 C.F.R. §391.41 (b)(2), C.F.R. §391.41 (b)(7), C.F.R. §391.41 (b)(9) as well as U.C.A. § 72-9-104 and U.A.C. R909-1-2;

c.  In violating the duty to not require or permit a driver to operate a motor vehicle while the driver's alertness is so impaired or is likely to become impaired through fatigue or other cause as to make it unsafe for the driver to begin or continue to operate a motor vehicle in violation of 49 C.F.R. § 392.3 as well as U.C.A. § 72-9-104 and U.A.C. R909-1-2;

d.  In failing to require drivers to not drive more than 11 consecutive hours nor drive more than 14 hours from last sleeping 10 hours as required by the Federal Motor Carrier Safety Act in violation of 49 C.F.R. § 395.3(a)(1), 49 C.F.R. § 395.3(a)(2), and 49 C.F.R. § 395.3(a)(3) and as well as U.C.A. § 72-9-104 U.A.C. R909-1-2;

e.  In failing to maintain a system to track and verify the accuracy of drivers' reports regarding their duty status and/or time records in violation of 49 C.F.R. § 395 as well as U.C.A. § 72-9-104 and U.A.C. R909-1-2;

f.  In allowing Defendant Decou to make a false report in connection with duty status in violation of 49 C.F.R. § 395.8(e)(1) as well as U.C.A. § 72-9-104 and U.A.C. R909-1-2;

g.  In tampering with an automatic on-board device such that the device does not accurately record and retain required data, in violation of 49 C.F.R. § 395.8(e)(3);

Exhibit A
Page 11 of 25
D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 232-6933

h.  In failing to test for alcohol and controlled substances following the wreck in violation of 49 C.F.R. §382.303.

i.  In violating Utah law regarding the regulation of commercial drivers, including U.C.A. § 72-9-101-107 (Motor Carrier Safety Act) and U.C.A. § 53-3-401-420 (Uniform Driver License Act) and supporting regulations, such as U.A.C. R909-1 (Safety Regulations for Motor Carriers);

39.

Defendant Smoot's violation of these statutes and regulations is negligent per se and caused damages to Plaintiffs as alleged in this Complaint.

### THIRD CAUSE OF ACTION –
### Vicarious Liability Against Defendant Smoot

40.

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 39 and 43 through 53 and 68 through 76 of this Complaint.

41.

At all relevant times, Defendants Decou, and Barnes, and Mr. Frew were each acting as Defendant Smoot's employee and/or actual agent and/or apparent agent, and each was acting within the course and scope of his employment and/or agency on behalf of Defendant Smoot. Defendants Decou, Barnes, and Mr. Frew acted under the control and influence of Defendant Smoot for its commercial benefit. On this basis, Defendant Smoot is vicariously liable for the damages caused by the negligence, including negligence per se, of Defendants Decou, Barnes, and/or Frew as alleged in this Complaint.

//

PAGE 13- AMENDED COMPLAINT

{00079660;3}

D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

**Defendant Decou**

**FOURTH CAUSE OF ACTION –**
**Negligence/ Wrongful Death Against Defendant Decou**

42.

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 41 of the Complaint.

43.

Defendant Decou was negligent in one or more of the following ways that caused Plaintiffs' damages:

    a. Failure to keep his vehicle in the proper lane of travel;

    b. Passing in a no passing zone;

    c. Driving on the left on a curve or grade when his view was obstructed;

    d. Passing on the left when he knew, or in the exercise of reasonable care, should have known that such passing could not be done without significant risk of harm and injury to other drivers on the road;

    e. Failure to use ordinary care under the circumstances then and there existing;

    f. Driving in violation of hours of service regulations;

    g. Failure to operate his vehicle at a reasonable speed under the circumstances then and there existing;

    h. Failure to keep a proper lookout for other vehicles under the circumstances then and there existing;

    i. Failure to keep his vehicle under proper control for the circumstances then and there existing;

//

**PAGE 14- AMENDED COMPLAINT**

{00079660;3}



D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1

44.

2    As a result of Defendant Decou's negligence, Plaintiffs suffered damages as alleged

3    in this Complaint.

4
                           **FIFTH CAUSE OF ACTION –**
5                      **Negligence Per Se Against Defendant Decou**

6

45.

7    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1

8    through 44 of this Complaint.

9

46.

10   Defendant Decou violated numerous state and federal statutes and regulations

11   including but not limited to 49 C.F.R. §§350 to 399, U.C.A. § 72-9-101-107, U.C.A. § 53-3-

12   401-420, U.A.C. R909-1, ORS §§ 811.005 to 811.748 (Rules of the Road for Drivers).

13   Specific violations include:

14       a.  For operating a commercial motor vehicle when he was not physically able to do

15           so because of pre-existing paralysis of his left arm and/or hand in violation of

16           49 C.F.R. §391.41 (b)(2), C.F.R. §391.41 (b)(7), and C.F.R. §391.41 (b)(9);

17       b.  Failure to operate a commercial motor vehicle in accordance with the laws,

18           ordinances, and regulations of the jurisdiction in which it was being operated, in

19           violation of 49 C.F.R. § 392.2;

20       c.  Operating a commercial motor vehicle while his ability or alertness was impaired

21           by fatigue so as to make it unsafe for him to continue to operate the commercial

22           motor vehicle, in violation of 49 C.F.R. § 392.3;

23

24

**PAGE 15- AMENDED COMPLAINT**

25   {00079660;3}

26

D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1   d. Operating a motor vehicle more than 11 consecutive hours and driving more than

2    14 hours from when he last slept 10 hours, in violation of 49 C.F.R. § 395.3(a)(1),

3    49 C.F.R. § 395.3(a)(2), and 49 C.F.R. § 395.3(a)(3);

4   e. In making a false report in connection with duty status in violation of 49 C.F.R.

5    § 395.8(e)(1);

6   f. In tampering with an automatic on-board device such that does not accurately

7    record and retain required data, in violation of 49 C.F.R. § 395.8(e)(3).

8   g. Carelessly driving on a highway in a manner that endangers or would be likely to

9    endanger persons or property in violation of ORS 811.135;

10   h. Recklessly driving on a highway in a manner that endangers the safety of persons

11    or property in violation of ORS 811.140;

12   i. Failing to drive on the right in violation of ORS 811.295;

13   j. Failing to operate his vehicle as nearly practicable in a single lane in violation of

14    ORS 811.370;

15   k. Unsafe passing on the left when the left side of the roadway was not clearly

16    visible and free of oncoming traffic for a sufficient distance ahead to permit the

17    overtaking and passing to be completed without interfering with the operation of a

18    vehicle approaching from the opposite direction or a vehicle overtaken in

19    violation of ORS 811.410;

20   l. Passing in a no passing zone in violation of ORS 811.420.

21            47.

22   Defendant Decou's violation of these statutes and regulations is negligent per se and

23 caused damages to Plaintiffs as alleged in this Complaint.

24

**PAGE 16- AMENDED COMPLAINT**

25 {00079660;3}

Exhibit A
Page 15 of 25
D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

26

1
          **Defendant Barnes**

2
          **SIXTH CAUSE OF ACTION –**

3
      **Negligence/ Wrongful Death Against Defendant Barnes**

4
             48.

5
     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1

6
through 47 of the Complaint.

7
             49.

8
     Defendant Barnes was negligent in one or more of the following ways that caused

9
Plaintiffs' damages:

10
       a.  By advising Defendant Decou it was safe to pass when he knew, or in the exercise

11
           of reasonable care should have known, such advice carried a significant risk of

12
           harm and injury to other drivers, including Plaintiffs, on the road;

13
       b.  By advising Defendant Decou to pass when he knew, or in the exercise of

14
           reasonable care should have known, it was illegal to pass on that stretch of

15
           highway;

16
       c.  By failing to keep a proper lookout for other vehicles under the circumstances

17
           then and there existing;

18
       d.  By failing to use ordinary care under the circumstances then and there existing.

19
             50.

20
     As a result of Defendant Barnes's negligence, Plaintiffs suffered damages as alleged

21
in this Complaint.

22
//

23
//

24

25
**PAGE 17- AMENDED COMPLAINT**

{00079660;3}

26

Exhibit A
Page 16 of 25
D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

**SEVENTH CAUSE OF ACTION –**
**Negligence Per Se Against Defendant Barnes**

51.

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 50 of this Complaint.

52.

Defendant Barnes violated numerous state and federal statutes and regulations including but not limited to 49 C.F.R. §§350 to 399, U.C.A. § 72-9-101-107, U.C.A. § 53-3-401-420, U.A.C. R909-1, and ORS §§ 811.005 to 811.748.  Specific violations include:

    a.  Aiding and abetting Defendant Decou in violating Oregon driving laws in violation of 49 C.F.R. § 390.13, and 49 C.F.R. 390.11;

    b.  Carelessly driving on a highway in a manner that endangers or would be likely to endanger persons or property in violation of ORS 811.135;

    c.  Recklessly driving on a highway in a manner that endangers the safety of persons or property in violation of ORS 811.140.

53.

Defendant Barnes's violation of these statutes and regulations is negligent per se and caused damages to Plaintiffs as alleged in this Complaint.

//

//

//

//

//

**PAGE 18- AMENDED COMPLAINT**

{00079660;3}

D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1    **Defendant Horizon**

2    **EIGHTH CAUSE OF ACTION –**
     **Negligence/ Wrongful Death Against Defendant Horizon**

3

     54.

4

     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1

5
     through 53 of this Complaint.

6

     55.

7

     Defendant Horizon had a duty to act reasonably in hiring, instructing, supervising and

8
     retaining Defendant Hogaboom. Defendant Horizon had a duty to adopt and enforce

9
     policies, procedures, and rules to ensure that its drivers acted, and its vehicles were operated,

10
     safely. Defendant Horizon had a duty to require its drivers and/or agents to comply with

11
     federal and state laws. Defendant Horizon retained Defendant Hogaboom to drive the RV

12
     despite the fact that it knew or should have known that Defendant Hogaboom was not

13
     qualified to drive the RV safely.

14

     56.

15

     Defendant Horizon breached these duties, and those breaches caused the damages to

16
     Plaintiff alleged in this Complaint.

17

18    **NINTH CAUSE OF ACTION –**
      **Negligence Per Se Against Defendant Horizon**

19

      57.

20

     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1

21
     through 56 of the Complaint as set forth above.

22    //

23    //

24                                                                        Exhibit A
                                                                       Page 18 of 25
     **PAGE 19- AMENDED COMPLAINT**                    **D'AMORE**    4230 Galewood St., Ste. 200
25                                                     **LAW GROUP**  Lake Oswego, OR 97035
     {00079660;3}                                                    (503) 222-6333

26

58.

Defendant Horizon violated numerous state and federal statutes and regulations including but not limited to 49 U.S.C. §§14101 and 14704, 49 C.F.R. §§350 to 399, ORS §§ 811.005 to 811.748.  Specific violations include aiding, abetting, or requiring a violation of the FMCSA regulations in violation of 49 C.F.R. § 390.13.

59.

Defendant Horizon's violation of these statutes and regulations is negligent per se and caused damages to Plaintiffs as alleged in this Complaint.

## TENTH CAUSE OF ACTION –
### Vicarious Liability Against Defendant Horizon

60.

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 59 and 62 through 67 of this Complaint.

61.

At all relevant times, Defendant Hogaboom was acting as Defendant Horizon's employee and/or actual agent and/or apparent agent, and he was acting within the course and scope of his employment and/or agency with Defendant Horizon.  Defendant Hogaboom acted under the control and influence of Defendant Horizon for its commercial benefit.  On this basis, Defendant Horizon is vicariously liable for the damages caused by Defendant Hogaboom's negligence as alleged in this Complaint.

//

//

//

**PAGE 20- AMENDED COMPLAINT**

{00079660;3}

D'AMORE
LAW GROUP

4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1

**Defendant Hogaboom**

2

**ELEVENTH CAUSE OF ACTION --**
**Negligence/ Wrongful Death Against Defendant Hogaboom**

3

4

62.

5

Plaintiffs realleges and incorporate by reference the allegations of paragraphs 1

6

through 61 of this Complaint.

7

63.

8

Defendant Hogaboom was negligent in one or more of the following ways that caused

9

Plaintiffs' damages:

10

    a.  Failing to yield to an overtaking vehicle when he knew, or in the exercise of

11

        reasonable care should have known, said failure would cause significant harm or

12

        injury to other drivers, including Plaintiffs, on the road;

13

    b.  Failing to give way to the right in favor of an overtaking vehicle and failing to not

14

        increase the speed of his vehicle until completely passed by the overtaking

15

        vehicle, when he knew, or in the exercise of reasonable care should have known,

16

        said failure would cause significant harm or injury to other drivers, including

17

        Plaintiff, on the road;

18

    c.  By following too close to the vehicle in front of him, such that Defendant Decou

19

        could not return to his proper lane of travel when he knew, or in the exercise of

20

        reasonable care should have known, said action would cause significant harm or

21

        injury to other drivers, including Plaintiffs, on the road;

22

    d.  By failing to keep a proper lookout for other vehicles under the circumstances

23

        then and there existing;

24

**PAGE 21- AMENDED COMPLAINT**

25

{00079660;3}

26

**D'AMORE**
**LAW GROUP**
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

e.  By failing to use ordinary care under the circumstances then and there existing.

64.

As a result of Defendant Hogaboom's negligence, Plaintiffs suffered damages as alleged in this Complaint.

### TWELFTH CAUSE OF ACTION –
### Negligence Per Se Against Defendant Hogaboom

65.

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 64 of the Complaint as set forth above.

66.

Defendant Hogaboom violated numerous state and federal statutes and regulations including but not limited to 49 C.F.R. §§350 to 399, ORS §§ 811.005 to 811.748.  Specific violations include:

    a.  Failing to give way to right in favor of an overtaking vehicle and/or increasing the speed of an overtaken vehicle until completely passed by the overtaking vehicle in violation of ORS 811.410;

    b.  Carelessly driving on a highway in a manner that endangers or would be likely to endanger persons or property in violation of ORS 811.135;

    c.  Following too closely in violation of ORS 811.485;

    d.  Recklessly driving on a highway in a manner that endangers the safety of persons or property in violation of ORS 811.140.

//

//

**PAGE 22- AMENDED COMPLAINT**

{00079660;3}

D'AMORE
LAW GROUP

4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

67.

Defendant Hogaboom's violation of these statutes and regulations is negligent per se and caused damages to Plaintiffs as alleged in this Complaint.

**All Defendants**

**THIRTEENTH CAUSE OF ACTION –**
**Loss of Consortium Against All Defendants**

68.

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 67 of the Complaint.

69.

As a direct and proximate result of Defendants' negligence and recklessness, Sara Allison's estate, including her husband Matthew Allison, have lost substantial income, incurred funeral, memorial and burial expenses, and endured significant suffering and emotional trauma, including loss of the society, companionship and services of Sara Allison.

**FOURTEENTH CAUSE OF ACTION –**
**Negligence Infliction of Emotional Distress Against All Defendants**

70.

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 69 of the Complaint.

71.

At the time of the head-on collision alleged in this Complaint, Plaintiff Matthew Allison was seated next to Plaintiff Sara Allison in their vehicle.

//

**PAGE 23- AMENDED COMPLAINT**

{00079660;3}

D'AMORE
LAW GROUP

4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

72.

Plaintiff Matthew Allison believed that Plaintiff Sara Allison would be seriously injured or killed in the crash.

73.

Plaintiff Matthew Allison suffered serious emotional distress as a result of sensory and contemporaneous observance of the crash whereby Plaintiff Sara Allison was killed.

74.

As a direct and proximate cause of Defendants' Negligent Infliction of Emotional Distress, Plaintiff Matthew Allison sustained injuries as alleged above, and is entitled to recover damages as provided for under Utah law.

### FIFTEENTH CAUSE OF ACTION –
### Punitive Damages Against All Defendants

75.

Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 74 of the Complaint.

76.

Defendants' actions demonstrate a reckless and outrageous indifference to a highly unreasonable risk of harm in acting with the conscious indifference to the safety of Plaintiffs and the rest of the public.  Plaintiffs demand punitive damages against each of the Defendants.

### PRAYER FOR RELIEF

On behalf of Plaintiff Matthew Allison:

    a.  For past economic damages in an amount to be proven at trial, but greater than $75,000;

**PAGE 24- AMENDED COMPLAINT**

{00079660;3}

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1        b.  For future economic damages in an amount to be proven at trial, but greater

2            than $75,000;

3        c.  Noneconomic losses in an amount which a jury decides is fair, but greater

4            than $75,000;

5        d.  For Plaintiff's costs and disbursements incurred herein;

6        e.  For interest according to law; and

7        f.  For such other relief as the court deems just.

8    On behalf of Plaintiff Tim Nay as personal representative for the Estate of Sara

9    Allison:

10        a.  For economic damages in an amount to be proven at trial, but greater than

11            $75,000;

12        b.  Noneconomic losses in an amount to be proven at trial, but greater than

13            $75,000;

14        c.  For Plaintiff's costs and disbursements incurred herein;

15        d.  For interest according to law; and

16    //

17    //

18    //

19    //

20    //

21    //

22    //

23    //

24

**PAGE 25- AMENDED COMPLAINT**

25    {00079660;3}

26

D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1    e.   For such other relief as the court deems just.

2            Dated:  September 12, 2017

3                          D'AMORE LAW GROUP, P.C.

4

               By:   s/Thomas D'Amore
5                    Thomas D'Amore, OSB #922735
                     Douglas P. Oh-Keith, OSB #064585
6                    4230 Galewood Street, Suite 200
                     Lake Oswego, OR 97035
7                    Ph: 503-222-6333
                     Fax: 503-224-1895
8                    *Attorneys for Plaintiff Matthew Allison*

9                          THE BARTON LAW FIRM, P.C.

10

11             By:   s/William A. Barton
                     Brent Barton, OSB #062698
12                   William A. Barton, OSB #720209
                     The Barton Law Firm, P.C.
13                   214 S.W. Coast Hwy.
                     Newport, Or 97365
14                   Ph: 541-265-5377
                     Fax: 541-265-5614
15                   *Attorneys for Plaintiff Estate of Sara Allison*

16

17

18

19

20

21

22

23

24

**PAGE 26- AMENDED COMPLAINT**

25   {00079660;3}

26

Exhibit A
Page 25 of 25
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333
D'AMORE
LAW GROUP



JUN 22 2016

Ada County **Clerk**

NO._____
A.M._____  FILED ____
_____  P.M.____

**JUN 22 2016**

CHRISTOPHER D. RICH, Clerk
By STEPHANIE VIDAK
DEPUTY

Jonathan R. Bauer
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5956
ISB No. 7021
Email: jbauer@hawleytroxell.com

Attorneys for Applicant

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF<br><br>SARA E. ALLISON,<br><br>        Deceased. | Case No. __**CV IE 1611602**__<br><br>APPLICATION FOR INFORMAL<br>APPOINTMENT OF PERSONAL<br>REPRESENTATIVE IN INTESTACY<br>(I.C. 15-3-301) |

APPLICANT, MATTHEW ALLISON, STATES AND REPRESENTS TO THE

COURT THAT:

    1.    Applicant's interest in this matter is that of an heir of the decedent, the spouse of

the decedent, and a person having priority for appointment as personal representative.

    2.    The person whose appointment as personal representative is sought is Applicant

and Applicant is qualified to act as such and has priority because there is no person with higher

or equal priority for appointment.

    3.    The decedent died on June 5, 2016, at the age of 30 years.

APPLICATION FOR INFORMAL APPOINTMENT OF PERSONAL
REPRESENTATIVE IN INTESTACY - 1



4.    Venue is proper because at the time of death the decedent was domiciled in this county.

5.    The decedent was married at the time of her death and has no children. The decedent's parents survive her. The name and address of those heirs of the decedent, so far as known or ascertainable with reasonable diligence by applicant are:

| NAME | ADDRESS | RELATIONSHIP |
|------|---------|--------------|
| Matthew Allison | 1466 Sunrise Manor Way<br>Boise, Idaho 83713 | Spouse |
| Steve Klein | TBD | Father |
| Mary Elizabeth Klein | TBD | Mother |

6.    No personal representative has been appointed in this state or elsewhere whose appointment has not been terminated.

7.    Applicant has neither received nor is aware of any demand for notice of any probate or appointment proceeding concerning the decedent that may have been filed in this state or elsewhere.

8.    The time limit for informal probate or appointment has not expired because not more than three years have passed since the decedent's death.

9.    Administration of the estate will be in intestacy. After the exercise of reasonable diligence, applicant is unaware of any unrevoked testamentary instrument which may relate to property subject to the laws of this state.

10.    Bond is not required under I.C. 15-3-603.

11.    Any required notice has been given or waived.

APPLICATION FOR INFORMAL APPOINTMENT OF PERSONAL
REPRESENTATIVE IN INTESTACY - 2

WHEREFORE, APPLICANT REQUESTS THAT:

1.   Matthew Allison be informally appointed personal representative of the estate of the decedent, to act without bond.

2.   Upon qualification and acceptance, letters of administration be issued.

DATED THIS __20__ day of ___June___, 2016.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Jonathan R. Bauer
Attorneys for Applicant

APPLICATION FOR INFORMAL APPOINTMENT OF PERSONAL
REPRESENTATIVE IN INTESTACY - 3



## VERIFICATION

STATE OF IDAHO                    )
                                 : ss.
County of Ada                    )

    Applicant, being sworn, says that the facts set forth in the foregoing application are true, accurate, and complete to the best of applicant's knowledge and belief.

_____
Matthew Allison, Applicant

SUBSCRIBED AND SWORN to before me this _20_ day of ___June___, 2016.

_____
NOTARY PUBLIC
Residing at ___Caldwell, ID___
My Commission Expires ___6/18/22___

APPLICATION FOR INFORMAL APPOINTMENT OF PERSONAL
REPRESENTATIVE IN INTESTACY - 4