**THOMAS D'AMORE**, OSB No. 922735
Email: tom@damorelaw.com
**DOUGLAS OH-KEITH,** OSB No. 064585
Email: doug@damorelaw.com
**AMY BRUNING**, OSB No. 175811
Email: amy@damorelaw.com
D'AMORE LAW GROUP, P.C.
4230 Galewood Street, Suite 200
Lake Oswego, OR 97035
Telephone: (503) 222-6333

*Attorneys for Plaintiff Matthew Allison*

**STEVEN J. BRADY**, *admitted pro hac vice*
Email: SteveBrady@bradylawgroup.com
BRADY LAW GROUP
1015 Irwin Street
San Rafael, CA 94901
Telephone: (415) 459-7300

*Attorneys for Plaintiff Tim Nay as the Personal
Representative for the Estate of Sara E. Allison*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MATTHEW ALLISON, individually, and TIM NAY as the Personal Representative for the ESTATE OF SARA E. ALLISON, | Case No. 2:17-cv-01598-SU |
| Plaintiffs, | **SECOND AMENDED COMPLAINT AND JURY TRIAL DEMANDED** |
| vs. | Personal Injury & Wrongful Death |
| SMOOT ENTERPRISES INC., *dba* Smoot Brothers Transportation; JAMES DECOU; PETER BARNES; HORIZON TRANSPORT, INC., and JONATHAN HOGABOOM, | |
| Defendants. | |

{00311004;1}

Page 1 – SECOND AMENDED COMPLAINT

## PARTIES

### Plaintiffs

1.

Plaintiff Matthew Allison is an adult who resided in Ada County, Idaho, at the time of the crash described in the Complaint. He was 27 years old at the time of the crash.

2.

Decedent Sara Allison ("Decedent") was an adult who resided in Ada County, Idaho, at the time of the crash. She was 30 years old when she was killed by the conduct of the Defendants Horizon Transport, Inc., Jonathan Hogaboom, Smoot Enterprises, Inc., James Decou, and Peter Barnes (collectively "Defendants"). Plaintiff Matthew Allison and Sara Allison were married at the time she was killed.

3.

Oregon attorney Tim Nay is the duly appointed personal representative of the Estate of Sara E. Allison ("Plaintiff") in the State of Oregon and State of Idaho. Mr. Nay's appointment is for the sole purpose of bringing this wrongful death action.

### Defendants

4.

At all material times herein, defendant Horizon Transport, Inc. ("Defendant Horizon") was an Indiana Corporation headquartered at 407 E. Wabash Ave., Wakarusa, Indiana 46573. Defendant Horizon maintained its principal place of business in the State of Indiana. Defendant Horizon is in the business of transporting large luxury motorhomes or recreational vehicles ("RVs") and other equipment throughout the United States, and it hires professional commercial drivers for that business purpose.

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

5.

At all material times herein, defendant Jonathan Hogaboom ("Defendant Hogaboom")
was a driver with a commercial driver's license who worked as the employee and/or actual agent
and/or apparent agent of Defendant Horizon.  Defendant Hogaboom was acting within the course
and scope of his employment and/or agency with Defendant Horizon while pursuing its business
purpose.  Defendant Hogaboom is an employee pursuant to 49 C.F.R. § 390.5.  At the time of the
crash, Defendant Hogaboom was a resident of the state of Michigan.

6.

At all material times, defendant Smoot Enterprises Inc., doing business as Smoot
Brothers Transportation ("Defendant Smoot"), was and is a corporation headquartered at 1995 N
2800 W, Brigham City, Utah 84302.  Defendant Smoot maintained its principal place of business
in the State of Utah.  At the time of the crash described in this Complaint, Defendant Smoot is
believed to have employed more than 75 professional drivers to operate a fleet of more than
50 trucks and over 100 trailers.   Defendant Smoot hauled freight all over North America and
was subject to Utah law as well as federal interstate trucking law.

7.

At all material times herein, defendant James Decou ("Defendant Decou") was a driver
with a commercial driver's license who worked as the employee of Defendant Smoot.
Defendant Decou was acting within the course and scope of his employment or agency with
Defendant Smoot while pursuing its business purpose.  At the time of the crash, Defendant
Decou was a resident of the state of Utah.

8.

At all material times, defendant Peter Barnes ("Defendant Barnes") was a driver with a
commercial driver's license who worked as the employee and/or actual agent and/or apparent



agent of Defendant Smoot. Defendant Barnes was acting within the course and scope of his employment or agency with Defendant Smoot while pursuing its business purpose. At the time of the crash, Defendant Barnes was a resident of the state of Utah.

9.

At all material times herein, Cory Frew ("Frew") was a driver with a commercial driver's license who worked as the employee and/or actual agent and/or apparent agent of Defendant Smoot. Mr. Frew was acting within the course and scope of his employment or agency with Defendant Smoot while pursuing its business purpose. At the time of the crash, Mr. Frew was a resident of the state of Utah.

**JURISDICTION AND VENUE**

10.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because Defendants are all either incorporated and have their principal place outside of the state in which the Plaintiffs reside.

11.

Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2), and all Defendants are subject to personal jurisdiction in this District because they conduct business within the State pursuant to 28 U.S.C. § 1391(c)(2).

**FACTUAL BACKGROUND**

12.

Defendant Horizon hired Defendant Hogaboom to drive an RV from Indiana to Oregon for its commercial benefit. Defendant Horizon knew that such RVs are potentially dangerous

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

and that drivers are required to obtain medical clearance and have specialized training to operate legally.  Upon information and belief, Hogaboom had previously been fired from his position as a truck driver.  Nevertheless, Defendant Horizon hired Hogaboom to drive the RV even though Defendant Horizon knew or should have known that Hogaboom was not qualified to drive an RV safely to Oregon and on Oregon's Highway 20. Horizon's policy specifically instructed its drivers to "stay off . . . Highway 20 in Oregon between Ontario and Bend."

13.

At all material times, Defendant Horizon knew that federal law limited the number of hours commercial truck drivers, including Hogaboom, were permitted to drive in certain circumstances.  Defendant Horizon knew that federal law required it to maintain a meaningful system of records to track and verify the accuracy of drivers' reports regarding their duty status and/or time driving.  Defendant Horizon is legally required to cooperate with investigations after a crash, including reporting accidents to state and federal authorities, maintaining records of such accidents, and maintaining logbooks. Defendant Horizon had a duty to ensure that it and its drivers complied with these legal requirements; Defendant Horizon failed to do so.

14.

Defendant Smoot hired Decou, Barnes, and Frew in the State of Utah to drive large commercial trucks and trailers for its commercial benefit throughout North America.  Defendant Smoot knew that large commercial trucks are potentially dangerous and that both federal law and Utah law require commercial truck drivers to obtain medical clearance and have specialized training.

15.

At all material times, Defendant Smoot knew that both federal law and Utah law limited the number of hours commercial truck drivers, including Decou, Barnes and Frew, could drive.



Defendant Smoot knew that both federal law and Utah law required it to maintain a meaningful system of records to track and verify the accuracy of drivers' reports regarding their duty status and/or time driving. Nevertheless, Defendant Smoot participated in the alteration of the log records associated with certain drivers, including Defendant Decou. Defendant Smoot ignored these false logbook entries, effectively encouraging its drivers to subvert applicable statutory time limits. In fact, before the crash on June 5, 2016, Defendant Decou twice texted a manager at Defendant Smoot to request that the manager alter the log book entries regarding his personal conveyance, allowing him to drive longer than permitted under federal law. Defendant Smoot altered the logbooks in violation of federal law.

16.

Defendant Smoot also knew that it was required to prevent its drivers from driving while under the influence of alcohol and drugs. Defendant Smoot is legally required to cooperate with investigations after a crash, including testing for alcohol and drugs. Defendant Smoot had a duty to ensure that it and its drivers complied with this law; Defendant Smoot failed to do so.

17.

On or about June 1, 2016, Defendant Horizon ordered its driver, Hogaboom, to drive an RV across country from Indiana for delivery in Oregon. On June 5, 2016, Defendant Smoot ordered its drivers, Decou, Barnes, and Frew, to drive three of its trucks with trailers from Salt Lake City, Utah to Eugene, Oregon.

18.

During this trip, Hogaboom, Decou, Barnes, and Frew engaged in concerted acts of negligence, recklessness, and road rage. Defendants' unnecessary, dangerous, and outrageous conduct endangered the public, including Plaintiff Matt Allison and Decedent Sara Allison. For over 90 miles on Highway 20, Defendants jointly engaged in racing, speeding, brake checking

(slamming on brakes to scare another driver), driving aggressively toward each other, cutting

each other off, refusing to let each other safely pass, refusing to allow passing trucks to re-enter a

safe lane of travel, rude and aggressive hand gestures, and repeated honking of their horns.

19.

At approximately 8:45 p.m., the four commercial drivers travelled westbound on

Highway 20 near Burns, Oregon.  Barnes was the lead truck. Behind Barnes was the motorhome

driven by Hogaboom.  The truck driven by Decou was immediately behind Hogaboom, and the

truck driven by Frew was in the rear.  This stretch of highway has only one lane of travel in each

direction, separated by double yellow lines.

20.

Barnes communicated back to Decou and Frew that it was safe to pass Hogaboom,

despite the fact that they knew  Decou was driving in a "no passing" zone with double yellow

lines.  Decou crossed the double yellow lines and attempted to pass Hogaboom.

21.

Hogaboom honked his horn at Decou and accelerated and decelerated, thereby preventing

Decou's truck from passing Hogaboom or returning to the safe lane of travel.  When Decou

slowed down and tried to return to the safe lane of travel, Hogaboom then slowed his RV to

again prevent Decou from returning to the safe lane of travel.  Hogaboom actively prevented

Decou from returning to the westbound lane by accelerating and decelerating to match Decou's

actions.

22.

At the same time and place described above, Plaintiff Matt Allison and Decedent Sara

Allison were traveling in the opposite direction as Defendants on Highway 20.  Sara Allison was

driving with Plaintiff Matthew Allison in the passenger seat.

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

23.

Sara Allison saw Decou's truck and the RV speeding directly at them and blocking both lanes of travel.  In an effort to avoid the head on crash, Sara Allison veered right to the south shoulder of the highway.

24.

Decou was prevented from returning to his legal lane by Hogaboom.  Decou swerved off the highway, veering left to the south side of the highway.  Defendant Decou's truck crashed head on into Plaintiff's car, killing Sara Allison and seriously injuring Plaintiff Matthew Allison.

25.

The conduct of Hogaboom, Decou, Barnes, and Frew constituted reckless, outrageous, dangerous, criminal and negligent conduct. The above-described acts of the Defendant drivers were performed concurrently and in concert with each other and pursuant to a common design. The Defendants also knew that each other's acts and conduct constituted a breach of duty to the public and Matt and Sara Allison, and then gave substantial assistance or encouragement to each other in furtherance of said acts.  These Defendants' concurrent acts caused substantial contribution in causing the crash between Defendant Decou's truck and Plaintiffs' vehicle.

26.

After the crash, Hogaboom failed to perform the duties of an involved driver to injured persons involved in a crash by refusing to stop his motorhome at the scene to assist Matthew or Sara Allison, by not calling law enforcement or emergency personnel, and by fleeing the scene of the collision in violation of Oregon and federal law.

27.

Defendants Horizon and Hogaboom violated numerous federal and state laws, including, but not limited to:

D'AMORE
LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

    a.   Failure to perform the duties of a driver or witness involved in an accident (ORS 811.700, ORS 811.705, ORS 811.715);

    b.   Failure to report accident to federal and state authorities (ORS 811.725, ORS 811.748, 49 C.F.R. § 395.15);

    d.   Violation of 49 C.F.R. § 395.3(a)(2), 49 C.F.R. § 395.3(a)(3), as well as ORS 825.252, and ORS 825.010 (11 hour and 14 hour drive time limitations);

    e.   Failure to conduct drug and alcohol testing pursuant to 49 C.F.R. § 382.303; and

    f.   Destruction and spoliation of logbooks and documentation of trip.

28.

Defendants Smoot and Decou violated numerous federal and state laws, including, but not limited to:

    a.   Alteration of Defendant Decou's logbooks in an attempt to conceal hours of service;

    b.   Violation of 49 C.F.R. § 395.3(a)(2), 49 C.F.R. § 395.3(a)(3), as well as ORS 825.252, and ORS 825.010 (11 hour and 14 hour drive time limitations); and

    c.   Failure to conduct drug and alcohol testing pursuant to 49 C.F.R. § 382.303.

## DAMAGES

### Plaintiff Matthew Allison

29.

Plaintiff Matthew Allison realleges paragraphs 1-28.

30.

As a direct and proximate result of the crash alleged above, Plaintiff Matthew Allison suffered serious and permanent physical injuries that required him to be life-flighted from the crash.

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

31.

As a result of Defendants' conduct, Plaintiff Matthew Allison has incurred past economic damages in an amount to be proven at trial.  Plaintiff Matthew Allison will also incur future economic damages as a result of Defendants' conduct in an amount to be determined at trial.

32.

As a result of Defendants' conduct, Plaintiff Matthew Allison has suffered and will continue to suffer pain, concern for his physical well-being, permanent injury, and disfigurement, reduced range of motion, loss of function, loss of sleep, inconvenience, and interference with his normal and usual activities.  Plaintiff Matthew Allison requests compensation for noneconomic losses in an amount to be proven at trial and as determined under Utah or Indiana law.

**Plaintiff Tim Nay, as the Personal Representative for the Estate of Sara E. Allison**

33.

Plaintiff Tim Nay, as the Personal Representative for the Estate of Sara E. Allison, re-alleges paragraphs 1-32.

34.

As a direct and proximate result of Defendants' conduct alleged above, Sara Allison suffered multiple injuries, which eventually resulted in death.  She endured conscious pain, suffering, discomfort, terror, and mental anguish prior to her death.  As a further direct and proximate result of Defendants' conduct, the beneficiaries to the Estate of Sara E. Allison have suffered and will continue to suffer loss of the society and companionship of the Decedent.  The Estate of Sara E. Allison has incurred noneconomic damages in an amount to be proven at trial and as determined under Utah or Indiana law.

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

35.

As a further result of Defendants' conduct, the Estate of Sara E. Allison has suffered and will continue to suffer economic damages.  Specifically, the Estate of Sara E. Allison has incurred and will continue to incur damages, including, but not limited to lost earnings, loss of financial support, and the value of lost personal and household services in an amount to be proven at trial.

### Punitive Damages Against All Defendants

36.

Plaintiffs reallege paragraphs 1-35.

37.

Defendants' actions demonstrate a reckless and outrageous indifference to a highly unreasonable risk of harm in acting with the conscious indifference to the safety of Decedent and Plaintiff and the rest of the public.  Plaintiffs demand punitive damages against each of the Defendants in amounts to be determined at trial.

### VICARIOUS LIABILITY

38.

Plaintiffs reallege paragraphs 1-37.

39.

At all relevant times, Hogaboom was acting as Defendant Horizon's employee and/or actual agent and/or apparent agent, and he was acting within the course and scope of his employment and/or agency on behalf of Defendant Horizon. Hogaboom acted under the control and influence of Defendant Horizon for its commercial benefit. On this basis, Defendant Horizon is vicariously liable for the damages caused by the negligence, gross negligence, and recklessness of Hogaboom as alleged in this Complaint.

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

40.

At all relevant times, Decou, Barnes, and Frew were each acting as Defendant Smoot's employees and/or actual agents and/or apparent agents, and each was acting within the course and scope of his employment and/or agency on behalf of Defendant Smoot. Decou, Barnes, and Frew acted under the control and influence of Defendant Smoot for its commercial benefit. On this basis, Defendant Smoot is vicariously liable for the damages caused by the negligence, gross negligence, and recklessness of Decou, Barnes, and Frew as alleged in this Complaint.

## **JOINT LIABILITY**

41.

Plaintiffs reallege paragraphs 1-40.

42.

Hogaboom, Decou, Barnes, and Frew committed tortious acts concurrently and in concert with one another as alleged above, and gave substantial encouragement to one another to commit such tortious acts. The negligence, road rage, and reckless and aggressive driving amongst the commercial drivers was a joint enterprise in which each driver was a knowing participant. Hogaboom, Decou, Barnes, and Frew, incited, instigated, and encouraged one another to drive in a reckless and aggressive manner and were jointly engaged in a series of acts that led directly to the collision that killed Sara Allison and injured Matt Allison. As such, they are liable for each other's tortious conduct.

D'AMORE LAW GROUP   4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Negligence/Wrongful Death)

### (Count One / Jonathan Hogaboom and Horizon Transport, Inc.)

43.

Plaintiffs reallege paragraphs 1-42.

44.

Defendant Hogaboom was negligent in one or more of the following ways that caused

Plaintiffs' damages by:

a.  Failing to yield to an overtaking vehicle when he knew, or in the exercise of
    reasonable care should have known, said failure would cause significant harm or
    injury to other drivers, including Plaintiffs, on the road;

b.  Failing to give way to the right in favor of an overtaking vehicle when he knew, or in
    the exercise of reasonable care should have known, said failure would cause
    significant harm or injury to other drivers, including Plaintiff, on the road;

c.  Increasing and maintaining the speed of his luxury motorhome during Defendant
    Decou's attempt to pass when he knew, or in the exercise of reasonable care should
    have known, said action would cause significant harm or injury to other drivers,
    including Plaintiff, on the road;

d.  Following too closely to the vehicle in front of him and tailgating such that Defendant
    Decou could not return to his proper lane of travel when Hogaboom knew, or in the
    exercise of reasonable care should have known, said action would cause significant
    harm or injury to other drivers, including Plaintiffs, on the road;

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

e.   Failing to keep a proper lookout for other vehicles under the circumstances then and there existing;

f.   Failing to operate his vehicle at a reasonable speed under the circumstances then and there existing; and

g.   Driving in violation of hours of service regulations.

45.

The negligent acts and omissions of Defendant Hogaboom were a substantial factor in the cause of the Plaintiffs' damages as alleged in this Complaint, and Defendant Horizon is vicariously liable for the damages caused by Hogaboom's negligence, gross negligence, and/or recklessness.

**(Count Two / James Decou, Peter Barnes, and Smoot Enterprises, Inc.)**

46.

Plaintiffs reallege paragraphs 1-44.

47.

Defendant Decou was negligent or grossly negligent in one or more of the following ways that caused Plaintiffs' damages by:

a.   Failing to keep his vehicle in the proper lane of travel;

b.   Passing in a no passing zone;

c.   Driving on the left on a curve or grade when his view was obstructed;

d.   Passing on the left when he knew, or in the exercise of reasonable care, should have known that such passing could not be done without significant risk of harm and injury to other drivers on the road;

e.   Failing to use ordinary care under the circumstances then and there existing;

f.   Driving in violation of hours of service regulations;

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

g.  Failing to operate his vehicle at a reasonable speed under the circumstances then and there existing;

h.  Failing to keep a proper lookout for other vehicles under the circumstances then and there existing; and

i.  Failing to keep his vehicle under proper control for the circumstances then and there existing.

48.

The negligent acts and omissions of Defendants Decou and Barnes were a substantial factor in the cause of the Plaintiffs' damages as alleged in this Complaint, and Defendant Smoot is vicariously liable for the damages caused by Decou's and Barnes' negligence, gross negligence, and/or recklessness.

**(Count Three / All Defendants)**

49.

Plaintiffs reallege paragraphs 1-47.

50.

All defendants acted jointly and/or in concert with each other in committing concurrent tortious acts; each knew that the others' conduct constituted a breach of duty; each gave substantial assistance to each other; and each is directly liable and/or jointly and vicariously liable for the concurrent negligence.

51.

The negligent acts and omissions of all defendants were a substantial factor in the cause of the Plaintiffs' damages as alleged in this Complaint.

D'AMORE LAW GROUP   4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

## SECOND CAUSE OF ACTION

### (Negligence Per Se/Wrongful Death)

### (Count One / Jonathan Hogaboom and Horizon Transport, Inc.)

52.

Plaintiffs reallege paragraphs 1-51.

53.

Defendant Hogaboom violated numerous state and federal statutes and regulations including but not limited to 49 C.F.R. §§ 350 to 399, ORS 811.005 to 811.748.  Specific violations include:

a.  Failing to give way to right in favor of an overtaking vehicle and/or increasing the speed of an overtaken vehicle until completely passed by the overtaking vehicle in violation of ORS 811.410;

b.  Carelessly driving on a highway in a manner that endangers or would be likely to endanger persons or property in violation of ORS 811.135;

c.  Following too closely in violation of ORS 811.485;

d.  Failing to perform the duties of a driver in an accident in violation of ORS 811.700 and ORS 811.705; and

e.  Recklessly driving on a highway in a manner that endangers the safety of persons or property in violation of ORS 811.140.

54.

Defendant Horizon violated numerous state and federal statutes and regulations including but not limited to 49 U.S.C. §§ 14101 and 14704, 49 C.F.R. §§ 350 to 399, ORS 811.005 to 811.748.  Specific violations include aiding, abetting, or requiring a violation of the FMCSA regulations in violation of 49 C.F.R. § 390.13.

D'AMORE
LAW GROUP  4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

55.

Defendant Hogaboom's and Horizon's violation of these statutes and regulations is negligent per se and caused damages to Plaintiffs as alleged in this Complaint, and Defendant Horizon is vicariously liable for the damages caused by Hogaboom's negligence per se.

**(Count Two / James Decou, Peter Barnes, and Smoot Enterprises, Inc.)**

56.

Plaintiffs reallege paragraphs 1-55.

57.

Defendant Decou violated numerous state and federal statutes and regulations including but not limited to 49 C.F.R. §§ 350 to 399, Utah Code Ann. § 72-9-101-107, Utah Code Ann. § 53-3-401-420, Utah Admin. Code R909-1, ORS 811.005 to 811.748 (Rules of the Road for Drivers).  Specific violations include:

a.  Operating a commercial motor vehicle when he was not physically able to do so because of pre-existing paralysis of his left arm and/or hand in violation of 49 C.F.R. § 391.41 (b)(2), C.F.R. § 391.41 (b)(7), and C.F.R. § 391.41 (b)(9);

b.  Failing to operate a commercial motor vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it was being operated, in violation of 49 C.F.R. § 392.2;

c.  Operating a commercial motor vehicle while his ability or alertness was impaired by fatigue so as to make it unsafe for him to continue to operate the commercial motor vehicle, in violation of 49 C.F.R. § 392.3;

d.  Operating a motor vehicle more than 11 consecutive hours and driving more than 14 hours from when he last slept 10 hours, in violation of 49 C.F.R. § 395.3(a)(1), 49 C.F.R. § 395.3(a)(2), and 49 C.F.R. § 395.3(a)(3);

D'AMORE LAW GROUP   4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

e.  Making a false report in connection with duty status in violation of 49 C.F.R.

§ 395.8(e)(1);

f.  Tampering with an automatic on-board device such that does not accurately record

and retain required data, in violation of 49 C.F.R. § 395.8(e)(3).

g.  Carelessly driving on a highway in a manner that endangers or would be likely to

endanger persons or property in violation of ORS 811.135;

h.  Recklessly driving on a highway in a manner that endangers the safety of persons or

property in violation of ORS 811.140;

i.  Failing to drive on the right in violation of ORS 811.295;

j.  Failing to operate his vehicle as nearly practicable in a single lane in violation of ORS

811.370;

k.  Unsafe passing on the left when the left side of the roadway was not clearly visible

and free of oncoming traffic for a sufficient distance ahead to permit the overtaking

and passing to be completed without interfering with the operation of a vehicle

approaching from the opposite direction or a vehicle overtaken in violation of ORS

811.410; and

l.  Passing in a no passing zone in violation of ORS 811.420.

58.

Defendant Barnes violated numerous state and federal statutes and regulations including

but not limited to 49 C.F.R. §§ 350 to 399, Utah Code Ann. § 72-9-101-107, Utah Code Ann.

§ 53-3-401-420, Utah Admin. Code R909-1, and ORS 811.005 to 811.748.  Specific violations

include:

a.  Aiding and abetting Defendant Decou in violating Oregon driving laws in violation of

49 C.F.R. § 390.13 and 49 C.F.R. § 390.11;

D'AMORE LAW GROUP  4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

b.  Carelessly driving on a highway in a manner that endangers or would be likely to endanger persons or property in violation of ORS 811.135; and

c.  Recklessly driving on a highway in a manner that endangers the safety of persons or property in violation of ORS 811.140.

59.

Defendant Smoot violated numerous federal and state statutes and regulations including but not limited to, 49 U.S.C. §§ 14101 and 14704, 49 C.F.R. §§ 350 to 399, Utah Code Ann. § 72-9-101-107 (Motor Carrier Safety Act), Utah Code Ann. § 53-3-401-420 (Uniform Driver License Act), and Utah Admin. Code R909-1 (Safety Regulations for Motor Carriers). Specific violations include:

a.  Aiding, abetting, or requiring a violation of the FMCSA regulations in violation of 49 C.F.R. § 390.13 as well as Utah Code Ann. § 72-9-104 and Utah Code Ann. § R909-1-2;

b.  Hiring and continuing to employ Defendant Decou to operate a commercial motor vehicle when he was not physically able to do so because of pre-existing paralysis of his left arm and/or hand in violation of 49 C.F.R. § 391.41 (b)(2), C.F.R. § 391.41 (b)(7), C.F.R. § 391.41 (b)(9) as well as Utah Code Ann. § 72-9-104 and Utah Admin. Code R909-1-2;

c.  Violating the duty to not require or permit a driver to operate a motor vehicle while the driver's alertness is so impaired or is likely to become impaired through fatigue or other cause as to make it unsafe for the driver to begin or continue to operate a motor vehicle in violation of 49 C.F.R. § 392.3 as well as Utah Code Ann. § 72-9-104 and Utah Admin. Code R909-1-2;

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

    d.   Failing to require drivers to not drive more than 11 consecutive hours nor drive more than 14 hours from last sleeping 10 hours as required by the Federal Motor Carrier Safety Act in violation of 49 C.F.R. § 395.3(a)(1)-(3), as well as Utah Code Ann. § 72-9-104, and Utah Admin. Code R909-1-2;

    e.   In failing to maintain a system to track and verify the accuracy of drivers' reports regarding their duty status and/or time records in violation of 49 C.F.R. § 395 as well as Utah Code Ann. § 72-9-104 and Utah Admin. Code R909-1-2;

    f.   In allowing Defendant Decou to make a false report in connection with duty status in violation of 49 C.F.R. § 395.8(e)(1) as well as Utah Code Ann. § 72-9-104 and Utah Admin. Code R909-1-2;

    g.   In tampering with an automatic on-board device such that the device does not accurately record and retain required data, in violation of 49 C.F.R. § 395.8(e)(3);

    h.   In failing to test for alcohol and controlled substances following the wreck in violation of 49 C.F.R. §382.303; and

    i.   In violating Utah law regarding the regulation of commercial drivers, including Utah Code Ann. § 72-9-101-107 (Motor Carrier Safety Act) and Utah Code Ann. § 53-3-401-420 (Uniform Driver License Act) and supporting regulations, such as Utah Admin. Code R909-1 (Safety Regulations for Motor Carriers).

60.

Defendant Decou's, Barnes', and Smoot's violation of these statutes and regulations is negligent per se and caused damages to Plaintiffs as alleged in this Complaint, and Defendant Smoot is vicariously liable for the damages caused by Decou's and Barnes' negligence per se.

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

**(Count Three / All Defendants)**

61.

Plaintiffs reallege paragraphs 1-60.

62.

All defendants acted jointly and/or in concert with each other in committing concurrent

tortious acts; each knew that the others' conduct constituted a breach of duty; each gave

substantial assistance to each other; and each is directly liable and/or jointly and vicariously

liable for the concurrent negligence per se.


63.

The negligent acts and omissions of all defendants were a substantial factor in the cause

of the Plaintiffs' damages as alleged in this Complaint.

**THIRD CAUSE OF ACTION**

**(Negligence Employment/Wrongful Death)**

**(Count One / Horizon Transport, Inc.)**

64.

Plaintiffs reallege paragraphs 1-63.

65.

Defendant Horizon had a duty to act reasonably in hiring, instructing, supervising and

retaining Defendant Hogaboom. Defendant Horizon had a duty to adopt and enforce policies,

procedures, and rules to ensure that its drivers acted, and its vehicles were operated, safely.

Defendant Horizon had a duty to require its drivers and/or agents to comply with federal and

state laws. Defendant Horizon retained Defendant Hogaboom to drive the RV despite the fact

D'AMORE LAW GROUP  4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

that it knew or should have known that Defendant Hogaboom was not qualified to drive the RV safely.

66.

Defendant Horizon breached these duties, and those breaches caused the damages to Plaintiff alleged in this Complaint.

**(Count Two / Smoot Enterprises, Inc.)**

67.

Plaintiffs reallege paragraphs 1-66.

68.

Defendant Smoot had a duty to act reasonably in hiring, training, supervising and retaining Decou, Barnes, and Frew. Defendant Smoot had a duty to adopt and enforce policies, procedures, and rules to ensure that its drivers operated its trucks safely. Defendant Smoot had a duty to require its drivers to comply with federal and state law. Defendant Smoot also had a duty to keep records related to its drivers and trucks to verify that they complied with federal and state law.

69.

Defendant Smoot breached these duties, and those breaches directly and proximately caused the damages described in causes of action herein.

**FOURTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress / All Defendants)**

70.

Plaintiffs reallege paragraphs 1-69.

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

71.

At the time of the head-on collision alleged in this Complaint, Plaintiff Matthew Allison was seated next to Decedent Sara Allison in their vehicle.

72.

Plaintiff Matthew Allison believed that Sara Allison would be seriously injured or killed in the crash.

73.

Plaintiff Matthew Allison suffered serious emotional distress as a result of sensory and contemporaneous observance of the crash whereby Sara Allison was killed.

74.

As a direct and proximate cause of Defendants' conduct, Plaintiff Matthew Allison sustained injuries and is entitled to recover damages as alleged in this Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

## PRAYER FOR RELIEF

On behalf of both Plaintiffs against all Defendants:

   a.   For past and future economic damages in an amount to be proven at trial;

   b.   For past and future noneconomic losses in an amount to be proven at trial;

   c.   For punitive damages in an amount to be proven at trial;

   d.   For Plaintiffs' costs and disbursements incurred herein;

   e.   For interest according to law; and

   f.   For such other relief as the court deems just.

DATED this 8th day of February, 2019.

                         D'AMORE LAW GROUP, P.C.

            By:    *s/ Thomas D'Amore*_____
                         Thomas D'Amore, OSB No. 922735
                         Email:  tom@damorelaw.com
                         Douglas P. Oh-Keith, OSB No. 064585
                         Email:  doug@damorelaw.com
                         Amy Bruning, OSB No. 175811
                         Email: amy@damorelaw.com
                         4230 Galewood Street, Suite 200
                         Lake Oswego, OR 97035
                         Telephone: 503-222-6333

                         *Attorneys for Plaintiff Matthew Allison*

                         BRADY LAW GROUP

            By:    *s/ Steven J. Brady*_____
                         Steven J. Brady, *admitted pro hac vice*
                         Email:  SteveBrady@bradylawgroup.com
                         1015 Irwin Street
                         San Rafael, CA 94901
                         Telephone: 415-459-7300

                         *Attorneys for Plaintiff Tim Nay as the Personal*
                         *Representative for the Estate of Sara E. Allison*

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
                     Lake Oswego, OR 97035
                     (503) 222-6333