IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MATTHEW ALLISON, individual; and TIM NAY as the personal representative for the ESTATE OF SARA E. ALLISON,<br><br>Plaintiffs,<br><br>v.<br><br>SMOOT ENTERPRISES INC., dba Smoot Brothers Transportation; JAMES DECOU; PETER BARNES; HORIZON TRANSPORT, INC.; and JONATHAN HOGABOOM,<br><br>Defendants. | Case No. 2:17-cv-01598-SU<br><br>**OPINION AND ORDER** |

SULLIVAN, United States Magistrate Judge:

There are two motions before me: Plaintiffs' Motion for Partial Summary Judgement and defendant Horizon Transport's and Mr. Hogaboom's ("Horizon-Defendants") Motion to Bifurcate Punitive Damages. Mr. Decou, Mr. Barnes, and

Smoot Enterprises ("Smoot-Defendants") have not filed any responsive pleadings with respect to these motions.

For the following reasons, the Court GRANTS Plaintiffs' Partial Motion for Summary Judgment (Docket No. 50) and DENIES Horizon-Defendants' Motion to Bifurcate Punitive Damages (Docket No. 58). Thus, the Court does not need oral argument from the parties.

## I. **Partial Motion for Summary Judgement**

Plaintiffs have filed a Motion for Partial Summary Judgment (Docket No. 50) on the issue of whether Horizon is vicariously liable for the negligence of Hogaboom, its employee. Horizon-Defendants stipulate that Horizon will be vicariously liable for any compensatory damage award against Hogaboom but dispute whether vicarious liability extends to punitive damages. Since Horizon-Defendants concede vicarious liability for the purposes of establishing compensatory damages, the only remaining issue on summary judgement is whether vicarious liability should extend to punitive damages.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. "Summary judgment is inappropriate if reasonable jurors, drawing

all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

Horizon-Defendants argue that, in Oregon, the mere existence of an agency relationship is not sufficient to establish principal liability with respect to punitive damages—they are only appropriate if the principal authorized or ratified the tortious acts of the agent. Plaintiffs disagree and point to two cases in support of the proposition that vicarious liability can exist for punitive damages as long as the employee was acting within the scope of their employment—even without proving ratification or authorization.

Plaintiffs' first case is *Stroud v. Denny's Restaurant, Inc.* 532 P.2d 790 (Or. 1975). Plaintiffs cite that case for the proposition that an employer is vicariously liable for punitive damages arising from the wrongful actions of its employee if the employee acts within the scope of his employment. 532 P.2d. at 793. Defendants seemingly concede that *Stroud*'s holding indicates that ratification or authorization are not prerequisites for vicarious liability. But they argue that *Stroud* conflicts with the clear language of the applicable statutes, is distinguishable in a way that supports Horizon, and is inconsistent with previous and subsequent case law.

I agree with Plaintiffs. In *Johannesen v. Salem Hospital,* the Oregon Supreme Court revisited *Stroud*'s holding. 336 Or. 211, 219 (2003). In that case, the defendant argued it could not be vicariously liable for punitive damages based on the conduct of another without evidence of fault on its part. *Id.* The court noted that it had

"considered and rejected that theory" in *Stroud* and "perceive[d] no reason to revisit [*Stroud*] in this case." *Id.* It is irrelevant whether *Stroud* conflicts with previous case law. The Oregon Supreme Court is free to depart from prior precedent and the fact that *Stroud* was again considered in *Johannesen* and left intact is probative. While Horizon-Defendants state that *Stroud* is inconsistent with case law that came after it, they cite no cases subsequent to *Johannesen*, a 2003 case, which evidences a departure from *Stroud*'s rule.

Horizon-Defendants also argue that *Stroud*'s holding is inconsistent with the language of the relevant punitive damages statutes: ORS 31.725 and 31.730. Specifically, they argue that under subsection (1) of ORS 31.730, punitive damages are not recoverable unless the plaintiff establishes that the party against whom they are sought has acted with the requisite degree of culpability. But that statute says nothing of vicarious liability for punitive damages, and thus provides no support for the rule that Horizon-Defendants want this court to embrace, *i.e.*, that vicarious liability for punitive damages requires evidence of authorization or ratification on the principal's part.

The Court is therefore left to apply the rule in *Stroud* to the present case. Namely, that if an agent commits a tort within the scope of his employment that renders a corporation liable for compensatory damages, and if the agent's act renders him liable for punitive damages, then the corporation is likewise liable for punitive damages. *Stroud*, 532 P.2d at 793. Horizon-Defendants concede that they would be vicariously liable for any compensatory damages, and under *Stroud*, this makes them

potentially vicariously liable for any punitive damages. There is no evidence that the Oregon Supreme Court has departed from the rule in *Stroud* so this Court is left with no choice but to apply it faithfully. Plaintiffs' motion is therefore granted.

## II. Motion to Bifurcate

Horizon-Defendants have filed a Motion to Bifurcate Punitive Damages (Docket No. 58).

The decision on whether to bifurcate a trial is subject to the discretion of the district court. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). The Federal Rules of Civil Procedure allow district courts to order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims for convenience, to avoid prejudice, or to expedite and economize the trial. Fed. R. Civ. P. 42(b). The moving party has the burden to prove that bifurcation is appropriate. *Benson Tower Condo. Owners Ass'n v. Victaulic Co.,* 150 F. Supp. 3d 1184, 1208 (D. Or. 2015) (citing *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009)). The court has broad, discretionary authority to bifurcate claims or issues. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

The Horizon defendants make two arguments in favor of bifurcation: (A) bifurcation will avoid undue prejudice and (B) it will promote judicial economy. Neither argument is persuasive.

### A. Undue Prejudice

Horizon-Defendants argue that bifurcation will avoid the risk that evidence submitted in support of punitive damages will influence the jury's liability decision,

and thereby unfairly prejudice Horizon-Defendants. But compensatory damages and punitive damages issues are routinely tried together in the Ninth Circuit. *Hangarter v. Provident Life and Acc. Ins. Co.,* 373 F.3d 998, 1021 (9th Cir. 2004) ("[S]ince the evidence usually overlaps substantially, the normal procedure is to try compensatory and punitive damage claims together with appropriate [jury] instructions.") (internal quotation marks and citation omitted). "Absent some experience demonstrating the worth of bifurcation, 'separation of issues for trial is not to be routinely ordered.'" *Hamm v. Am. Home Prods. Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995), *citing*, Advisory Committee Notes to the 1966 Amendment to Fed. R. Civ. P. 42(b)).

Here, the risks that Horizon-Defendants are concerned with are not unique to this trial—they are general concerns with trying the issues of general liability and punitive damages together. For example, Horizon-Defendants argue that a single trial will enable Plaintiffs to introduce evidence that may be irrelevant for proving liability and an entitlement to compensatory damages, but relevant to establishing punitive damages. Specifically, Horizon points to the fact that evidence of a defendants' "ability to pay" is generally inadmissible to prove liability but can be admissible for the determination of punitive damages.

But Horizon-Defendants' concern is at best a general criticism of combining the issues of liability and punitive damages together—an insufficient reason for this Court to bifurcate—and further ignores the prejudicial effects of bifurcation on other parties.

As explained above, juries are generally capable of separating out the issues of liability that gives rise to compensatory damages and conduct that warrants punitive damages. In *Hamm,* for example, the district court considered bifurcating the issue of a defendant's wealth from the rest of the trial. It considered an argument similar to the one put forward by Horizon-Defendants; namely, that defendants will be prejudiced if information about their finances is intermingled with evidence on the issue of liability. The district court explained that its experience "does not support such a dark view of juror competence [and] any concerns about potential prejudice [is addressable] with appropriate limiting instructions." I find the same to be true here. The issue of punitive damages is routinely tried with issues of general liability in the Ninth Circuit. Horizon-Defendants don't provide a unique reason that the jury in this case will be unable to separate the two issues, or why mitigating instructions are not a sufficient safeguard in this case, as they would be in most others.

Finally, moving to bifurcate on the eve of trial is particularly prejudicial to the court and other parties. Horizon-Defendants' reasons for bifurcating the trial were as present months ago as they are now. Any serious bifurcation request should likely have been brought long ago and Horizon-Defendants' concerns regarding undue prejudice are unpersuasive. Thus, the theoretical risk of prejudice to them does not warrant bifurcating the trial.

**B.    Judicial Economy**

Horizon-Defendants further argue that bifurcation will allow the jury to decide the dispositive issue of liability and thereby avoid the unnecessary hearing of

punitive damages evidence. Specifically, Horizon-Defendants argue that if the jury finds for Horizon and Hogaboom on the underlying cause of action, it will save judicial resources by making evidence presented in support of punitive damages unnecessary.

While Horizon is correct that Rule 42(b) allows this Court to order bifurcation based solely on the factors of convenience and judicial economy, *see Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001), this case does not provide sufficient efficiency benefits, if any at all, to justify a second trial.

Here, there is substantial overlap between the evidence for proving general liability and an entitlement to punitive damages. For example, the evidence supporting Plaintiffs' negligence claims concerns the four commercial drivers' actions on the same stretch of Oregon road. This evidence is also the basis for Plaintiffs' punitive damages claims, from which a jury could infer the requisite recklessness and conscious indifference to the safety of Plaintiffs. In this case, bifurcating will substantially lengthen the trial and will require separate opening statements, closing arguments, and deliberations, and likely involve many of the same witnesses. Additionally, bifurcation is made less worthwhile by the fact that Smoot-Defendants have already stipulated to Mr. DeCou's negligence and their vicarious liability. Thus, the core issue with respect to Horizon-Defendants is whether their conduct rises to a level of general liability and whether it further warrants punitive damages—but in either case, the same conduct is at issue. An unspecified chance that the jury will find Horizon liability-free is not a sufficient benefit to warrant an independent trial.

In this case, then, bifurcation seems unlikely to yield substantial judicial economy benefits, if any. This motion is therefore denied.

## CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' Partial Motion for Summary Judgment (Docket No. 50) and DENIES Horizon-Defendants' Motion to Bifurcate Punitive Damages (Docket No. 58).

IT IS SO ORDERED.

DATED this 12th day of April, 2019.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge