IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MATTHEW ALLISON, individual; and TIM NAY, as personal representative for the ESTATE OF SARA E. ALLISON<br><br>    Plaintiffs,<br><br>    v.<br><br>SMOOT ENTERPRISES INC., dba Smoot Brothers Transportation; JAMES DECOU; PETER BARNES; HORIZON TRNSPORT, INC.; and JONATHAN HOGABOOM,<br><br>    Defendants. | Case No. 2:17-cv-01598-SU<br>**OPINION & ORDER** |

SULLIVAN, United States Magistrate Judge:

Matthew Allison filed his claim for negligence and Tim Nay, as personal representative of the Estate of Sara Allison (collectively, "Plaintiffs") filed a wrongful death action on behalf of the Estate of Sara Allison against corporate defendants Smoot Enterprises, Inc. and Horizon Transport, Inc. and individual defendants

Page 1 – OPINION AND ORDER

employees of the corporate defendants. The case arose out of a collision that took place in Eastern Oregon that caused significant injuries to Matthew Allison and that resulted in the death of his wife Sara Allison. A jury trial was held between April 30 and May 10, 2019. (docs. 152–68). Defendants were found to be jointly liable for Plaintiffs' damages. (doc. 171). Defendants Horizon Transport Inc. and Jonathan Hogaboom filed a Motion for a New Trial, or in the Alternative Remittitur (doc. 185) and challenged the jury's damages award. The Court denied defendants' Motion for New Trial on October 15, 2019. (doc. 210). Plaintiffs, as prevailing parties, have filed their Bill of Costs and Supplemental Bill of Costs pursuant to Federal Rules of Civil Procedure 54(d) and 28 U.S.C. § 1920 *et seq.* (docs. 178, 210). Defendants have objected, in part, to plaintiffs' request. (docs. 184, 213).

## BACKGROUND

The jury reached its verdict in this negligence and wrongful death action on May 10, 2019, and found all named Defendants jointly liable for Plaintiffs' damages. (doc. 171). It awarded Matthew Allison economic damages of $600,000 and noneconomic damages of $7,000,000, and awarded the Estate of Sara Allison economic damages of $2,383,463 and noneconomic damages of $10,000,000. *Id.* It also awarded punitive damages of $5,000,000 against Horizon Transport, Inc. and Hogaboom ("Horizon") and $1,500,000 against Smoot Enterprises Inc. and DeCou ("Smoot"). *Id.* The Court entered Judgment on June 4, 2019, with offsets for amounts previously paid by Smoot in settlement. (doc. 177). Smoot had entered into a "Mary Carter" settlement agreement with Plaintiffs prior to trial, and was dismissed from

the lawsuit post-verdict. *Id*. Hogaboom and Horizon (hereafter "Defendants") challenged both the jury's damages award as excessive and other evidentiary matters. (doc. 185). Defendants requested this Court to order a new trial or to reduce the damages amount through remittitur. *Id*. The court denied defendants motion. (doc. 209). Plaintiffs now request that the Court award costs in accordance with the federal rules and statutes. (docs. 178, 210).

## DISCUSSION

### 1. Unopposed Costs

The following costs are unopposed:

- Filing Fee                              $ 1,056.00
- Service of Process and Summons             881.81
- Service of Subpoena duces tecum          2,227.20
- Trial witness fees and per diem cost     5,919.64
- Copying costs                            3,287.75
- Exemplification costs                      980.72[1]
- Docket fees                                 30.00

### 2. Items Opposed

The following costs are opposed by defendants:

- Depositions               $ 28,821.03
- Reporters' transcripts      14,906.25

**a. Depositions**

---

[1] Plaintiffs originally requested $185,628.36 for this item but reduced the amount to $980.72. Pl.'s Resp. to Horizon Defs.' Objs. Bill of Costs (doc. 190).

Page 3 – OPINION AND ORDER

Plaintiffs have requested costs for depositions which included both recorded transcripts and videotaped depositions. Defendants object that this cost should not be allowed as it is duplicative. The Court views plaintiffs' request as allowable under 28 U.S.C. § 1920, as the transcripts both printed and electronically recorded were necessarily obtained for use in the case. *See Adidas Am., Inc. v. Herbalife Int'l,* No. 3:09-cv-00661-MO, 2012 U.S. Dist. LEXIS 200299 (D. Or. Sept 5, 2012). It is within the Court's discretion to allow the full amount of the costs of depositions. *Id*. The amount of $28,821.03, is therefore allowed.

**b. Reporters' Transcripts.**

Plaintiffs have requested a total of $14,906.25 for the cost of Reporters' transcripts. This includes pretrial conference transcripts, excerpts of the trial, and the "remainder" of the trial. Defendants object to the costs regarding the realtime daily trial transcripts in the amount of $7,842.05. In plaintiffs' Supplemental Bill of Costs, they have also requested $6,793.30 for the costs of the final official trial transcript. Defendants have objected to the costs for the final official transcript as well. Defendants argue that plaintiffs should not be permitted to recover the costs of the transcript twice. The Court agrees.

The expense of daily transcripts usually requires prior court approval or a finding that the case is complex and the transcripts proved invaluable to counsel and the court. *Hunt v. City of Portland*, No. 08-cv-00802, 2011 U.S.Dist. LEXIS 89744 (D. Or. August 11, 2011) *citing A.B.C. Packard, Inc. v. General Motors Corp.*, 275 F.2d 63, 74 (9th Cir. 1960). None of the parties have demonstrated that they sought the

Court's approval for the costs of realtime transcripts. The trial included witness testimony including the parties, fact witnesses, and expert witnesses none of which constituted a surprise. There had been extensive pretrial motions including numerous motions in limine covering most aspects of the trial. Both plaintiffs and defendants offered expert testimony concerning accident reconstruction, medical records, and economic damages. While the case did have its complexities, the Court declines to make a finding that this case was so complex as to require realtime transcripts for either counsel or the Court. *Id.* The costs of the daily trial transcripts are denied.

Defendants also object to the costs of the official transcript in the amount of $6,793.30. Defendants argue since plaintiffs already had the realtime transcript, they did not need the entire official transcript. Defendants also argue that the costs are not itemized or verified. Defendants moved for a new trial and cited to the official transcript in its motion. Defs.' Mot. For New Trial and Stuber Decl. with Exhibits (Doc. 185, 186). Plaintiffs likewise cited to the official transcript in their response. Resp. in Opp'n to Mot. For New Trial and D'Amore Decl. with Exhibits (Doc 201, 202). Plaintiffs' citations to the official transcript demonstrated that it was necessarily obtained for use in their response to defendants' post-trial motions. In accordance with 28 U.S.C. § 1924, plaintiffs submitted proper itemization and verification. *Id.* Plaintiffs' request for costs for the official transcript in the amount of $6,793.30 is allowed.

## CONCLUSION

Plaintiffs' Bill of Costs is allowed, in part, in the amount of $49,997.45.

IT IS SO ORDERED.

Dated this 7th day of January, 2020.

                                              /s/ Patricia Sullivan
                                              PATRICIA SULLIVAN
                                              United States Magistrate Judge